NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. SCOTT ALLEN WORTMAN, Defendant-Appellant. | No. 20-30082 D.C. Nos. 1:18-cr-00047-SPW-1 1:18-cr-00047-SPW MEMORANDUM* |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 1, 2021**
Portland, Oregon

Before: PAEZ and WATFORD, Circuit Judges, and TUNHEIM,*** District Judge.

Scott Wortman was convicted following a jury trial of possession of a

firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

§ 924(c)(1)(A)(i). He argues that the government failed to disclose additional impeachment evidence relating to a confidential informant who testified at trial, and that the evidence was insufficient to sustain his conviction under § 924(c). We affirm.

**1.** The government erred in failing to disclose that the informant had served as a confidential informant in other cases. *Giglio v. United States*, 405 U.S. 150, 154 (1972); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, this failure does not warrant a new trial because a *Brady/Giglio* violation occurs only when the suppression of evidence favorable to the accused resulted in prejudice to the defendant. *See United States v. Kohring*, 637 F.3d 895, 901 (9th Cir. 2011). Wortman was not prejudiced by the government's suppression of favorable evidence because the jury already knew that the informant had served as a confidential informant in this case in exchange for the dismissal of drug charges against her. The jury thus had reason to question her credibility, and additional information about her cooperation with the prosecution would merely have provided further reason to question her credibility on the same basis. Because "the grounds for impeachment [were] no secret to the jury," the suppressed evidence was cumulative, and the suppression of cumulative evidence that is not "of a different character than evidence already known to the defense" is not prejudicial. *United States v. Wilkes*, 662 F.3d 524, 535–36 (9th Cir. 2011) (quotations omitted).

The government's suppression therefore does not amount to a *Brady/Giglio* violation, and a new trial is not warranted.

**2.** The evidence presented to the jury was sufficient to sustain Wortman's conviction for possession of a firearm in furtherance of a drug trafficking crime. To establish possession of a firearm in furtherance of a drug crime, the government must demonstrate a nexus between the gun and the underlying offense, such as the firearm being readily accessible during commission of the drug crime. *United States v. Lopez*, 477 F.3d 1110, 1115 (9th Cir. 2007). Detective Patrick Korb testified that, following an investigation during which Wortman had admitted to distributing narcotics, he arrested Wortman while Wortman was getting into his car. In his pocket, Wortman was carrying a loaded pistol. The police found approximately 270 grams of methamphetamine in the vehicle that Wortman was entering, and Wortman pleaded guilty to possession of methamphetamine with intent to distribute before trial. Detective Korb also testified that, based on his training and experience, it was common for drug dealers to carry firearms to protect themselves. Thus, viewed in the light most favorable to the prosecution, the evidence was sufficient to allow a "rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (quotation omitted).

**AFFIRMED.**